THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. KELLY, Relator, *v.* GEORGE W. KIRCHWEY, as Agent and Warden of Sing Sing Prison, Respondent.

Second Department, April 5, 1917.

**Civil service — certiorari to review removal of employee of State prison — proof not justifying removal.**

Certiorari to review the dismissal of the relator, a Spanish war veteran, from his position as storekeeper in Sing Sing Prison. He was charged with making an unauthorized offer to trade Grossman a calf belonging to the prison, with speaking disrespectfully of the warden and buying food for the warden's table at high prices. Evidence examined, and *held*, that the charges were trivial, insufficient to justify the removal, and that the relator should be reinstated.

CERTIORARI issued out of the Supreme Court and attested on the 20th day of April, 1916, directed to George W. Kirchwey, as agent and warden of Sing Sing Prison, commanding him to certify and return to the Supreme Court all and singular the proceedings had before Thomas Mott Osborne, as agent and warden of Sing Sing Prison, in dismissing relator from his position as storekeeper of said prison.

*I. Maurice Wormser* [*John J. Brady, Jr.*, with him on the brief], for the relator.

*Edward G. Griffin, Deputy Attorney-General* [*Egburt E. Woodbury, Attorney-General*, with him on the brief], for the respondent.

THOMAS, J.:

The relator, a soldier of the Spanish-American war, having passed an examination for the position, was, in March, 1914, appointed storekeeper at Sing Sing Prison. On December first, following, Thomas Mott Osborne became the warden of the prison, and, on September 23, 1915, temporarily suspended Kelly, and on or about December 28, 1915, dismissed him. The charges were: (1) That Kelly in excess of authority offered to trade Grossman a calf belonging to the prison, regardless of the consent of the proper authorities; (2) that in the purchase of supplies enumerated the relator "incompetently and wrongfully exceeded the price for which the same supplies could be purchased by the exercise of due care and good faith;" (3) that on a given date relator spoke "disrespectfully of the management of Sing Sing Prison and of the warden thereof to Mr. J. J. Molloy." The Civil Service Law, section 22, says: "No person holding a position by appointment or employment in the State of New York  *  *  *  who is an honorably discharged soldier  *  *  *  having served as such in the army  *  *  * of the United States during the late war with Spain  *  *  * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by a writ of certiorari." (Consol. Laws, chap. 7 [Laws of 1909, chap. 15], § 22, as amd. by Laws of 1910, chap. 264.) We think that the specifications have not been proven. The charges one and three are trivial. The second specification relates to the alleged failure of the relator to make purchases for the warden's private table at prices that would bring the monthly expenditure within the $175 allowed to him. There is no suggestion of insufficiency or incompetency on the part of the storekeeper in his relation to the prison at large. Assuming that the function of providing for

the warden's table pertained to the relator, yet the exercise of it was embarrassed by the demands abruptly made upon him and the unexpected arrival of many dinner guests at the warden's table, for whom the relator was obliged to make immediate provision. It was the habit of the warden's chef to make a daily requisition on the storekeeper, and the supply of many of the things demanded could not be foreseen. For instance, on July third the chef requested the following: "10 quarts of Milk; 4 quarts of Cream (2 on Monday); 4 stalks Table Celery; 8 Lettuce; 6 Cucumbers; 1 gallon Olive Oil; 4 quarts of Huckleberries; 3 pounds Table Butter; 1 bottle Spring Water; 6 Ivory Soap; 3 packages of Gold Dust; 3 packages Astor Coffee; 1 dozen Grape Fruit; 1 bushel Potatoes." It is obvious that while some of the items could be purchased in bulk, many of them were perishable. The list of items enumerated in the second specification were in some instances not expectedly bought in bulk, nor do we find any provision for such purchases or that it had been customarily done. The warden made the accusations. Necessarily he was the one to hear the testimony, he was the sole witness as to the excessive price of the items of purchase; he made the decision and executed it. There is no criticism of his right to act in such several capacities or of his fairness in so doing. The error is in the decision that there was sufficient legal evidence to justify the determination. He contrasted the prices paid by the relator and those paid by himself, or prices that he stated to be regular prices. After the purchases were taken out of the relator's hands, the prices paid to local dealers are contrasted with prices paid by the relator at an earlier time. For instance, Roquefort cheese was purchased by Kelly August twenty-eighth, one-half pound at twenty-eight cents, while on September fourteenth the warden's testimony shows a half pound of best imported cheese purchased at forty-three cents per pound. The warden also made purchases in New York on different occasions, and contrasts the prices paid with those paid by the relator at an earlier period. For instance, on September seventh, flour at eight dollars a barrel, and August tenth at eight dollars and twenty-five cents, paid by Kelly, is compared with flour bought by the warden on October first at seven dollars and twenty-five

cents a barrel. The testimony of values thus given by the warden is quite unsatisfactory for the purpose of showing that Kelly paid an excessive price at other dates under the pressure of the immediate demands of the warden's chef. While the sworn testimony given by the warden to himself acting as judge might operate to convince him, it does not seem to us sufficiently probative.

The determination should be reversed, and the relator reinstated, without costs.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concurred.

Determination reversed, and relator reinstated, without costs.